## LEA et al. v. VASCO PRODUCTS, Inc.
### No. 7880.

Circuit Court of Appeals, Fifth Circuit.

Feb. 11, 1936.

Maynard Ramsey and Edwin R. Dickenson, both of Tampa, Fla., for appellants.

Wm. M. Taliaferro and W. A. Carter, both of Tampa, Fla., for appellee.

Before SIBLEY, HUTCHESON, and WALKER, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellants are owners of a secret formula for making hair tonic, a product known as Lea's Never-Failing Hair Tonic, which prior to April 20, 1926, they had been manufacturing. On that date they leased and let to appellee for ninety-nine years the sole and exclusive right, for the United States and all the world, to sell and distribute that product. The contract made provision for the sale of different quantities in different periods. It provided for fixed royalties, for minimum quantities, and for $1 a gallon on all gallonage sold above the minimum.

On April 21, 1935, appellants gave notice that the contract was terminated under section 11 of the contract, providing that "If the party of the second part * * * shall fail to order, sell and distribute at least twelve hundred and fifty (1250) gallons during the fifth period of this agreement and annually thereafter * * * this agreement shall become and shall thereafter be null and void."

On June 21, 1935, appellee brought its bill. It set out the contract, alleged its good-faith performance of it through a long period of years, the expenditures it had made to make the venture successful for both parties to it, and that appellants had wrongfully attempted to cancel the contract. It prayed that appellants be compelled to abide and perform their contract, and be enjoined, pendente lite and upon final hearing, from themselves selling the product or interfering with appellee in its sale of it. On July 11, upon the sworn bill and affidavit filed in support of it, the District Judge, denying appellants' motion to dismiss the bill, granted an interlocutory injunction, restraining appellants as prayed. This appeal is from the interlocutory order.

Though it was entered on July 11, nothing has been since done by appellants to bring the cause to trial on its merits. No answer has been filed; no testimony taken. The only facts we have are those the bill alleged. An appeal under such circumstances ordinarily brings up nothing for review but whether discretion has been abused. Douglass v. Pan-American Bus Lines (C.C.A.) 81 F.(2d) 222; Butler v. Schulte (C.C.A.) 67 F.(2d) 632, 635.

Appellants argue the case as though it were here on the merits. They insist that in overruling their motion to dismiss the District Judge in effect decided that appellee should have judgment on its bill.

We cannot agree with appellants that the merits are before us for decision. All that we have here under the case as made on the temporary application is whether

the court abused its discretion in restraining the defendants as it did. We think it plain that it did not. Plaintiff's bill made out a case of long-existent business relations, disturbed at times by controversies, but still continuing. On a full showing of moneys it had expended to develop the business, and the amount of business it had done over a period of ten years, of payments made during that period to appellants, of controversies had with appellants, of adjustments and waivers claimed to have been made, it presented fact issues which, if fully conceded in its favor, would entitle it to a decree.

Under these circumstances, the District Judge did not abuse, but well exercised, his discretion in preventing a violent disruption of this long-continuing business pending a determination on the merits of the issues tendered. Ohio Oil Co. v. Conway, 279 U.S. 813, 49 S.Ct. 256, 73 L.Ed. 972.

The order appealed from is affirmed.