**EPPENAUER et al. v. OHIO OIL CO.** *

**COMPTON et al. v. SAME.**

**Nos. 8519, 8630.**

Circuit Court of Appeals, Fifth Circuit.

Aug. 2, 1938.

Dan Moody, of Austin, Tex., C. W. Trueheart, of San Antonio, Tex., Robert G. Hughes and D. B. Hardeman, both of San Angelo, Tex., and Ed. M. Whitaker, of Midland, Tex., for appellants.

William Pannill, of Houston, Tex., for appellee.

R. G. Hughes and D. B. Hardeman, both of San Angelo, 'Tex., Ed. M. Whitaker and Jno. Perkins, both of Midland, Tex., and Robert E. Cunningham, of El Paso, Tex., for appellants.

William Pannill and R. C. Gwilliam, both of Houston, Tex., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

These two cases were argued separately but may be conveniently disposed of by

*Rehearing denied Sept. 20, 1938.

one opinion as the facts are to some extent similar and both are controlled by the same principles of law. The suits were brought originally by Marathon Oil Co., to quiet its title and possession under certain oil and gas leases covering large tracts of land in Pecos County, Texas; to remove clouds upon its title and for injunctions to prevent further acts of defendant of a similar nature. Later Ohio Oil Co., appellee, acquired all the rights of Marathon Oil Co. and was substituted as plaintiff in its stead. There was judgment for plaintiff in both cases.

There is no doubt the suits were cognizable in equity. Applications for surveys, the field notes resulting therefrom and the assignments of the rights of the parties, hereafter referred to, were all officially of record and constituted clouds upon plaintiff's titles. No patents issued until after the suits were begun. As to the few that were then granted collusion is charged between employees of the Land Office and the parties in interest. Jurisdiction of the court properly attached in both suits on the ground of diversity of citizenship and sufficient amount in controversy.

Under the laws of Texas any person discovering an unsurveyed area of free school land, not so listed on the records of the Land Office and not in actual conflict on the ground with land previously sold or appropriated, may apply to the county surveyor to have the land surveyed. After the field notes of the survey are returned to the Land Office, approved and filed with the State Land Commissioner, the applicant has a preference right for 60 days thereafter to purchase a mineral lease on the land from the State. Chapter 271, Acts of the Texas Legislature, 1931, Vernon's Ann.Civ.St.Tex. art. 5421c.

In No. 8519 the suit is against A. R. Eppenauer, H. W. Compton, Bob Reid, Mrs. Pearl Norris, H. E. Christie, S. J. Brendel, and some seven other persons, who have not appealed. The bill alleged that plaintiff is the owner in possession under mineral leases, of large tracts of land in Pecos County, Texas, described generally as the I. & G. N. Ry. Co. Surveys Nos. 61, 62, 63, 64 and 65; the T. I. & Mfg. Co. Survey No. 545; a part of the Runnels County School Land Survey No. 3; Sections 30 and 32 of Block 194 G. C. & S. F: Ry. Survey; 1767.5 acres granted to I. G. Yates under certificate No. 12341

and 446.9 acres in the I. G. Yates Survey 34½. The bill further alleged that Eppenauer and other named defendants had filed applications for surveys, contending that certain parcels of land belonging to plaintiff in said surveys, were vacant free school land; had assigned rights thereunder to others; and that there were no vacancies in the land covered by plaintiff's leases. Plaintiff contends that its title to the land it now holds under mineral leases has been judicially determined by the Supreme Court of Texas in the cases of Turner v. Smith, 122 Tex. 338, 61 S.W.2d 792, and Douglas Oil Co. v. State of Texas, California Case, 122 Tex. 377, 61 S.W.2d 807 in which the State recovered 561 acres of land, covered by the terms of its leases, as vacant.

In No. 8630 the suit was brought against H. W. Compton, Bob Reid, W. H. Bland and some 12 other persons who have not appealed. The bill alleged that plaintiff is the owner of oil and gas leases on land generally described as sections 31 and 33 of Block 194 G. C. & S. F. Ry. Co. Survey; Fred Turner, Jr.'s Surveys, Nos. 1 to 6 inclusive; 446.9 acres of the I. G. Yates' Survey 34½. In other respects the allegations are similar to those in suit No. 8519. Plaintiff also relies in this case on the decisions in Turner v. Smith and Douglas Oil Co. v. State of Texas, supra.

The records are so voluminous in both cases that it would be practically impossible to make a condensed statement of the facts appearing in detail in the transcripts. It is sufficient to say that the district court found as facts in both cases, after a careful review of the evidence, that no vacancies as contended by defendants existed. The district court also held that any person now seeking to acquire rights to vacant land from the State within the lines of survey fixed by the decisions of the Supreme Court of Texas above cited, is bound under the doctrine of stare decisis obtaining in Texas.

The case of Turner v. Smith et al., 122 Tex. 338, 61 S.W.2d 792, was begun by Turner in a district court of the state in an action to mandamus the county surveyor to make a survey under the provisions of Art. 5323 of the Revised Statutes,

now superseded by Chapter 271 of 1931, above quoted. The surveyor impleaded Mrs. A. G. Smith and I. G. Yates, parties from whom plaintiff obtained leases. The Attorney General of Texas attempted to intervene for the State, praying for a judgment decreeing the area described in plaintiff's petition to be vacant public free school land. This intervention was wrongfully stricken from the record. See Camp v. Gulf Production Co., 122 Tex. 383, 61 S.W.2d 773. Judgment rendered in favor of Turner by the district court was reversed by a court of Civil Appeals, Smith v. Turner, 13 S.W.2d 152. The Supreme Court reversed this judgment and reinstated the judgment of the district court. After the decision of the Supreme Court, the State of Texas, through its Attorney General, brought suit for the benefit of Turner, to recover the land in controversy for him. The case of Turner v. Smith was submitted and argued together with two other cases, Douglas Oil Co. v. State of Texas, California Case, 122 Tex. 377, 61 S.W.2d 807 and Douglas Oil Co. v. State of Texas, Whiteside Case, 122 Tex. 369, 61 S.W.2d 804. Both of the Douglas Oil Co. Cases were begun by the state of Texas, through the Attorney General, by actions in trespass to try title to recover land alleged to be vacant, for the benefit of the state.

The form in which these suits were brought is immaterial. They were in fact boundary suits. The Supreme Court in the cases above cited considered the various conflicting surveys within which the land covered by plaintiff's leases is located and fixed the correct lines on the ground. Plaintiff's title has therefore been validated by the Supreme Court of Texas. Under the doctrine of stare decisis obtaining in Texas all parties thereafter claiming vacancies in conflict with the decisions of the Supreme Court are bound by them whether parties to the suits or not. This is the settled law of Texas, which we are bound to follow. Texas Jurisprudence, Vol. 26 § 368 and authorities cited therein.

We concur in the conclusions of the district court. The records present no reversible error. In each case the judgment appealed from is affirmed.

Affirmed.