### SPRING v. OHIO OIL CO.

### No. 9147.

Circuit Court of Appeals, Fifth Circuit.

Jan. 4, 1940.

Robt. E. Cofer and John D. Cofer, both of Austin, Tex., for appellant.

William Pannill and John L. Camp, both of Houston, Tex., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Ohio Oil Co., appellee, brought this suit against Polk Spring, appellant, to remove a cloud on its title to section 33, Block 194, G. C. & S. F. Ry. Co. Survey in Pecos County, Texas, to quiet its possession of said land and for interlocutory and final injunctions. This appeal is from a judgment granting an interlocutory injunction.

The complaint alleged: diversity of citizenship and sufficient jurisdictional amount involved; title to the land by virtue of an oil and gas lease and various court decisions; that Spring had secured a mineral lease from the state of Texas, claimed to cover a vacancy between sections 33 and 34 of said survey, on some 22.9 acres; that no vacancy in fact exists and these 22.9 acres are located in section 33, covered by plaintiff's lease; that Spring had applied to the railroad commission of Texas for special permits to drill four wells in the area.

Spring admitted his lease and application to drill but denied the land was located within section 33. He filed a motion to dismiss the suit on the grounds that the state of Texas and certain named individuals and corporations were indispensable and necessary parties.

The District Court heard evidence on the motion to dismiss, made comprehensive findings of fact, which we need not review, overruled the plea to the jurisdiction and motion to dismiss and granted an interlocutory injunction on bond of $25,000.

 The case is not here on the merits and the sole question presented for decision is whether the District Judge abused his discretion in granting an interlocutory injunction. Lea v. Vasco Products, 5 Cir., 81 F.2d 1011. Of course, in deciding that question we may consider whether the court was without jurisdiction.

In the case of Eppenauer v. Ohio Oil Co., 5 Cir., 98 F.2d 524, we considered the title of the Ohio Oil Company to section 33 and, following decisions of the Texas courts cited therein, ruled that the Ohio Oil Company's title to Section 33 had been validated by the Supreme Court of Texas and affirmed the judgment of the District Court quieting that title and ordering clouds upon it removed. If Spring were permitted to trespass on the land and drill producing wells under mere color of title from the state, it is evident Ohio Oil Co. might be irreparably damaged.

It is also clear that neither the state of Texas nor the other parties named in the motion to dismiss are necessary and indispensable parties. The suit is against Spring and no one else. As to the state, the contention is that she has retained royalty and rental interests in the land and could not be sued without her consent. If Spring prevails the state will lose nothing. On the other hand, if the land in controversy is really in section 33, the state had nothing to convey and the lease to Spring would be voidable. In an action between private individuals asserting claims to the same land, under titles derived from the state, the state is not a necessary party. Roxana Petroleum Corp. v. Colquitt, D.C., 34 F.2d 470, affirmed, 5 Cir., 49 F.2d 1025.

The contention is that the individuals and corporations named by Spring as necessary and indispensable parties are citizens of Texas and have certain interests in the land requiring them to be joined as plaintiffs. It does not appear that Ohio Oil Co. is asking for relief against them or claims any rights under them. If it should be shown they have any rights in the land in controversy a decree may be framed to protect them. And to protect the rights of the state of Texas as well. They are not necessary or indispensable parties. Seeley v. Cornell, 5 Cir., 74 F.2d 353.

The District Court did not abuse its discretion in granting an interlocutory injunction to preserve the status quo, pendente lite. The judgment is affirmed.