**EPPENAUER et al. v. OHIO OIL CO.**

**No. 9958.**

Circuit Court of Appeals, Fifth Circuit.

May 28, 1942.

Rehearing Denied June 30, 1942.

William Pannill, of Houston, Tex., for appellee.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

After judgment in its favor, for the land in controversy here, had been affirmed in this court,[1] appellee, plaintiff below, brought this suit against appellants, who, while the former suit was pending, had purchased, taken possession of, and conducted drilling developments on, the land in controversy. Appellants denied plaintiff's title and asserted title in themselves, and, in the alternative, claiming to be trespassers in good faith sought to recover, from the proceeds of oil they had produced from said property, the drilling and development costs they had incurred in producing it.

The district judge, trying the case without a jury, again finding that the land in controversy was not vacant land but was a part of Yates Survey 34½ under which plaintiff held, found again for plaintiff for title and possession. He also found that defendants had purchased lis pendens from H. W. Compton, after he had been served and with actual knowledge that the suit was pending, and that with full knowledge of the true state of the title to the land and of the pending suit, brought to settle the controversy over it, they had entered and conducted operations upon the land.

On their claim that they were good faith trespassers, the district judge, finding that the defendants had no reason to believe that the area described in the lease under which they held was vacant, unsurveyed school land, but that on the contrary, any reasonable man who had made adequate investigation would have found that it was not, found that the defendants did not act in good faith in entering upon said land and drilling thereon for oil and gas, and denied their claim for their drilling costs.

Defendants have appealed assigning as error, (1) the finding for appellee for the title and possession of the land sued for, and (2) the finding that appellants were not good faith trespassers, and as such, entitled to recover their drilling and development costs. On the question of title, appellee, pointing out that the district

Robert G. Hughes, of San Angelo, Tex., and J. B. Dibrell, Jr., of Coleman, Tex., for appellants.

---

[1] Eppenauer v. Ohio Oil Company (Compton v. Ohio Oil Company), 5 Cir., 98 F.2d 524.

judge on the same evidence introduced in the former case, has redetermined the issue of title against appellants, and insisting that the evidence fully supports the finding places its principal emphasis on the point, that appellants, being lis pendens purchasers, all questions of title are foreclosed against them by our former judgment and that without a re-examination of the evidence, the judgment must be affirmed, on its authority and that of the Texas cases[2] cited in support of it. On appellants' claim that though the development costs were incurred pending the suit, they were nevertheless good faith trespassers and as such entitled to recover their drilling and development costs, appellee points, as completely negativing their claim, to the positive finding of the district judge that appellants were not in fact good faith trespassers.

 We agree with appellee that upon the plainest principles, appellants, lis pendens purchasers, with actual knowledge of the pendency of the suit, may not, after judgment has gone against their vendor, deny its binding effect and relitigate the issues already decided. We agree with appellee too that, unless it is without support in the evidence, the finding, that appellants were not in fact developers in good faith, prevents their recovery of development costs incurred by them after suit brought. Whatever may be the law elsewhere, it is clearly settled in Texas that normally there may be no recovery of development costs incurred under an entry made, for the purpose of drilling, in the face of a suit then pending to recover the land. Houston Production Co. v. Mecom Oil Co., Tex.Com.App., 62 S.W.2d 75. If a recovery is ever to be allowed for costs incurred after suit brought, the claimant must accept and sustain the burden of showing as a matter of fact, that the operation was conducted in actual good faith. Gulf Production Co. v. Baton, Tex.Civ.App., 108 S.W.2d 960; Gulf Production

v. Spear, 125 Tex. 530, 84 S.W.2d 452; Marathon Oil Co. v. Gulf Oil Corporation, Tex.Civ.App., 130 S.W.2d 365; 23 Tex.Jur. 388, 391; Taylor v. Higgins Oil Co., Tex.Civ.App., 2 S.W.2d 288; 12 Tex. Law Review, 210–221; Cf. Gulf Refining Co. v. United States, 269 U.S. 125, 133, 46 S.Ct. 52, 70 L.Ed. 195.

 The appeal here is from a positive fact finding that appellants are not in fact good faith improvers. By this finding, unless it is "clearly erroneous",[3] we are bound. We have had recent occasion to examine and apply the law of Texas governing drilling operations conducted in the face of an active assertion of an adverse claim. In one of the cases Ballard v. Stanolind Oil & Gas Co., 5 Cir., 80 F.2d 588, the district judge found that the defendant was not a good faith improver but a wilful trespasser and disentitled, under Guffey v. Smith, 237 U.S. 101, 35 S.Ct. 526, 59 L.Ed. 856, Houston Production Co. v. Mecom Oil Company, Tex.Com.App., 62 S.W.2d 75, to recover his drilling expenses, and we affirmed the finding and judgment. In the other, Stanolind Oil & Gas Company v. Logan, 5 Cir., 92 F.2d 28, the district judge found that because the improver had actual knowledge of the bankruptcy proceedings, he was not an improver in good faith and denied relief on the authority of the Mecom case, supra, and Liles v. Thompson, Tex.Civ.App., 85 S.W.2d 784. We disagreed with the district judge's finding that mere knowledge of the bankruptcy proceedings was, under the circumstances of the particular record, sufficient to overcome the other facts showing good faith possession and development, and we allowed the recovery of amounts expended in good faith after suit begun. In this case appellant has pointed to no fact in the record, we have found none, which would warrant our overturning the district judge's finding, indeed, we think the record clearly supports it.

The judgment was right. It is affirmed.

[2] Turner v. Smith, 122 Tex. 338, 61 S. W.2d 792; Douglas Oil Co. v. State, 122 Tex. 377, 61 S.W.2d 804; and Id., 122 Tex. 369, 61 S.W.2d 807.

[3] Findings of fact shall not be set aside unless clearly erroneous and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. Rule 52, Rules of Civil Procedure, 28 U.S.C.A. following section 723c.