## TOMBIGBEE MILL & LUMBER CO., Inc. v. HOLLINGSWORTH et al.

No. 11908.

Circuit Court of Appeals, Fifth Circuit.

June 27, 1947.

Rehearing Denied Aug. 1, 1947.

T. C. Hannah, of Hattiesburg, Miss., and John H. Holloman, of Columbus, Miss., for appellant.

Jas. A. Cunningham, of Booneville, Miss., and W. P. Stribling, of Columbus, Miss., for appellees.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

It is shown that there was an exposed set screw in the collar of a shaft in the defendant's saw mill, around which the metal was broken away, and that the cuff of the trousers of the plaintiff's husband became ensnarled by the set screw, with the results that his body was wound around the revolving shaft and his life was extinguished.

Mr. Hollingsworth, the deceased, was a lumber grader in defendant's saw mill, but there is testimony of a witness that on January 22, 1946, the superintendent ordered him to "go down and oil the machines" and that decedent, after getting an oil can, descended to the ground floor of the plant where his body was later found near the shaft with the exposed set screw. Much of his clothes had been torn off and wound around the shafting. No one saw the accident.

Plaintiff says that the inference should be drawn from the fact that the set screw caught in the bottom part of decedent's trousers that the decedent, in undertaking to oil the machinery as commanded, had stood upon eight-inch beams or timbers which supported the shafting and to which its bearings were affixed. The defendant sought to have the inference drawn that decedent was going to the boiler room to warm his feet which had gotten wet and that he was not engaged in oiling the machinery at the time of the accident.

The main issues upon which the case proceeded to trial were whether or not the defendant was negligent: in failing to furnish deceased with a reasonably safe place in which to work; in ordering the deceased to oil machinery, particularly when it had such a projecting set screw, without shutting down the mill while the oiling was taking place; and in not establishing reasonable rules for the protection of employees so engaged.

There is evidence on the part of the employer that Hollingsworth was not ordered to oil the machinery; that that was the job of others who were paid to perform that service; that deceased had gone to warm his feet rather than to oil the machine; that the timbers supporting the shaft were two or more feet above the ground, and that it was not necessary to stand upon the timbers to oil the bearings, but that the safe and proper way to oil the machinery was to stand upon the ground when oiling the bearings in question; and that if deceased, at the time of his injury, were in fact oiling the machinery, after the manner claimed by appellee, then he had accepted an unsafe method of doing the work when a safe method was available.

There was defensive evidence of the existence of a rule against oiling machinery while same was in motion, but there was also evidence that defendant knew that the rule was not regularly observed.

While the numerical weight of the evidence greatly preponderated in favor of the contention of the appellant that Hollingsworth was not ordered or expected to oil the machinery, nevertheless the jury believed the testimony of the witness that Hollingsworth had been given such an order by the superintendent, Bishop, and that defendant was guilty of actionable negligence in at least one of the particulars as alleged.

■ Contributory negligence is not a bar to recovery in the State of Mississippi, where the accident occurred, but only goes in mitigation of the damages. Even if the oiler had also been negligent in the manner in which he undertook to oil the machinery and that such negligence had contributed to his injury, it would not bar a recovery since it cannot be said here, as a matter of law, that such negligence of the deceased, if any, was the sole, or proximate, cause of his injury.

We do not have here a case where the place thus furnished by the master was admittedly and obviously a safe place in which to do the work and where an experienced servant negligently chose an unsafe method and thereby proximately caused his own misfortune. We, therefore, think that it was for the jury to determine whether or not it would have been safe for the deceased to have stood on the

ground between the timbers when oiling the shaft bearings.

There is testimony that the deceased was ordered to oil the machinery; that he procured an oil can and went in the direction of the machinery; that he was at the machinery when killed, with an oil can close at hand; that an exposed set screw became entangled in the cuff of his trousers; that much of his clothing had been torn off and wound around the shaft.

From those facts the jury had the right to draw the inference that he came to his death while engaged in oiling the machinery and to determine whether or not the defendant had exercised reasonable care to provide a reasonably safe place for its servant to work; whether the other, or so-called safe, method of oiling the machinery was, in fact, obvious and safe; whether or not, by the exercise of reasonable care, the place of work here could have, and should have, been made reasonably safe by a better shielding of the set screw, or by the shutting down of the machinery, or by the establishment and observance of safety rules; and whether, if defendant was negligent, within the issues as made, its negligence was the proximate cause of the injury.

It is strongly urged that the lower Court erred in its charge that: "The employer, however, is under the duty under the law to provide a reasonably safe place in which to work, reasonably safe tools and appliances with which to work and a reasonably safe place and method in which to work," on the ground that the duty is not upon the master to furnish a reasonably safe place in which to work, but that his duty is to exercise reasonable care to furnish a reasonably safe place whereat the employee is to work. Of course, it is not the duty of the master to make a place of work reasonably safe when the work is inherently dangerous and incapable of being made safe, but it is the duty of the master to exercise reasonable care to make the place of work reasonably safe under the circumstances. The work in question was not shown to have been so inherently dangerous that by the exercise of reasonable care it could not have been made reasonably safe.

The appellant, however, did not except to the charge of the Court of which it now complains. It contends, though, that in its requested instruction No. 9[1] it submitted a correct charge on the law which the Court refused, and that it duly excepted to the Court's refusal to give the requested charge, which failure to give the charge was error, and that its request for the charge called the attention of the Court to its error in the general charge, and by such request and exception it had preserved the point as effectively as if it had expressly excepted to the erroneous charge. This contention would doubtless have merit if the requested instruction had not contained an incorrect statement of the law in the following sentence: "If you believe from the evidence in this case that Mr. Hollingsworth lost his life because he failed to exercise reasonable care, then it is your sworn duty to return a verdict for the defendant." The vice of this portion of the requested charge is that it fails to take into consideration the fact that contributory negligence is not a bar to recovery and omits all reference to any negligence, concurrent or otherwise, of the defendant, and fails to add the condition that such failure to exercise due care for his own safety should have been the proximate cause of the decedent's death. The Court, therefore, did not err in refusing to grant the requested instruction, and a request for an improper instruction should not be held to be a compliance with Rule 51, Rules of Civil Procedure, 28 U.S.C.A. following section 723c, requiring an objection to be made before the jury retires.

We think the case is without reversible error and that although we might

---

[1] "The law does not require a master to furnish an employe the safest and best method and place to work, but the law only requires the employer to exercise reasonable care to furnish the servant a reasonably safe place to work; and the law further requires the employee to exercise reasonable care for his own safety. If you believe from the evidence in this case that Mr. Hollingsworth lost his life because he failed to exercise reasonable care, then it is your sworn duty to return a verdict for the defendant."

not have decided the facts as did the jury, nevertheless it was the function of the jury, as the fact-finding body of the Court, to consider all the facts and circumstances in evidence, meanwhile weighing preponderances, drawing inferences, balancing hypotheses, and comparing delinquencies in the light of their experiences as reasonable and honorable men. It is not necessary, in order to uphold a jury's verdict, that this Court concur in every fact found by the jury but merely that it determine that a jury question was involved and that there was competent and substantial evidence to support that verdict.

The judgment of the Court below is affirmed.