## CUNNINGHAM v. OLSON DRILLING CO. et al.

### No. 12404.

United States Court of Appeals
Fifth Circuit.

Dec. 23, 1948.

15 95 I.C.C.Rep. 603.

John J. Watts, of Odessa, Tex., for appellant.

James Little, of Big Spring, Tex., Allen R. Grambling, of El Paso, Tex., and W. C. Gowan and Herbert Marshall, both of Dallas, Tex., for appellees.

Before HOLMES, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

Appellant sued Olson Drilling Company, Shell Oil Company, and the Western Company, for damages caused by the loss of one of his eyes, which he alleged was caused by the splashing of acid into the eye when he rolled, or dropped, two heavy boards into a small pool containing hydrochloric acid in diluted form.

Appellant was the employee of J. C. Gauvey, an independent contractor engaged by Shell Oil Company to move certain tools and a rig from a location wherein Olson Drilling Company had drilled an oil well for the Shell Oil Company. The well had been acidized by the Western Company three days before the injury to the appellant. In the usual process of acidizing an oil well a large quantity of acid is poured into the hole for the purpose of increasing the porosity of the soil and rock beneath so that oil may more readily flow into the well.

Plaintiff alleged that he was an invitee of Shell Oil Company, the owner of the well, and that it owed the duty of furnishing him a reasonably safe place in which to work; that the Western Company, in acidizing the well, had negligently left acid on the ground near the well in large quantities where it constituted a hidden, latent, and dangerous peril to the plaintiff; and that the Olson Drilling Company, the driller, was negligent in failing to cover up or otherwise dispose of such acid.

The evidence on the trial showed that the plaintiff was moving two pieces of lumber, each two inches in thickness and twelve inches in width, and approximately five feet long, which pieces of lumber had been nailed together. In the handling of the timber plaintiff employed the method of turning it end over end and in so doing rolled or dropped one end of the timbers into a small pool of mud, water, and acid, with the result that some of the contents of the pool flew into one of his eyes, causing him to lose the sight in that eye.

It is in evidence that in acidizing wells some of the acid is usually spilled on the ground near the well and often some of it will remain for a short time in small pools or puddles after the operation is ended. The acidization of the well had been completed three days before the plaintiff's injury but in the meantime it had rained and the pool was said by one witness to be about the size of a hat and by another about the size of a coat. The plaintiff's own testimony showed that he had worked in the oil fields for nine years; that he recognized acid and was cognizant of its dangers and knew that the well in question had been recently acidized; that he had been at this well a number of times and had been working there for two hours on the morning prior to his injury. He also gave the following testimony (R. 66, 67):

"Q. And if you had looked, you could have seen that acid on the ground, could you not? A. Yes, sir.

\*     \*     \*     \*     \*     \*

"Q. Well, you know that acid is dangerous, don't you? A. Yes."

There was no evidence that the puddle was not in plain view.

Twenty-six special issues were submitted to the jury, in response to which the jury found, among others, that the injury was

caused by acid; that the plaintiff had been damaged in the sum of $20,000.00; that the plaintiff was an invitee; that the negligence of the various companies was a proximate cause of the injury; that the plaintiff failed to look where he threw the board that splashed the liquid into his eye before throwing the board on the occasion in question; that if the plaintiff had looked in the direction where he threw the board he could have seen the puddle that splashed into his eye; that a reasonably prudent person, in the exercise of ordinary care, would have looked in the direction of the puddle before throwing the board that caused the liquid to splash in his eye; that the failure on the part of the plaintiff to look in the direction where he threw the board was a proximate cause of the accident.

■ Thus it is that the jury, although finding the defendants, and each of them, guilty of negligence proximately causing the injury, likewise found the plaintiff guilty of negligence that not merely contributed to the injury but was a proximate cause of the injury. There was no objection interposed by appellant to the submission of any of these issues to the jury and the time for making objections was before the jury retired. It is too late to complain of the submission of an issue to the jury after a litigant has taken a chance on what the jury will do and after the jury has resolved the issue against him.

■ In Texas contributory negligence in actions of the nature involved here is a defense to a recovery and not merely a mitigating factor in the amount of the recovery.

■ If, as the jury seemed to believe, in the exercise of due care the several defendants knew, or ought to have known, of the dangerous condition caused by acid on the ground in close proximity to the well, we cannot say, as a matter of law, that the jury could not also conclude that the plaintiff, who was a man of long experience in the oil fields, who knew the danger of acid, who knew that the well had been recently acidized, who could have seen the puddle of acid had he looked, and who had a more recent opportunity to observe the conditions at the well, had likewise failed to exercise

due care for his own safety in dropping the lumber into the puddle containing acid, which he could have recognized had he looked. In other words, we will not say that it was not for the jury to conclude that if the Company knew of the dangers involved, this experienced plaintiff should also have known of such things and moved the lumber in a different manner, and that it was not necessary to warn an experienced employee of a danger that was obvious or of which he was already well aware.

In numerous personal injury cases, in sustaining verdicts in favor of plaintiffs, we have given expression to utterances of the tenor and effect of that contained in Tombigbee Mill & Lumber Co. v. Hollingsworth, 5 Cir., 162 F.2d 763, 765, wherein we said:

" * * * although we might not have decided the facts as did the jury, nevertheless it was the function of the jury, as the fact-finding body of the Court, to consider all the facts and circumstances in evidence, meanwhile weighing preponderances, drawing inferences, balancing hypotheses, and comparing delinquencies in the light of their experiences as reasonable and honorable men. It is not necessary, in order to uphold a jury's verdict, that this Court concur in every fact found by the jury but merely that it determine that a jury question was involved and that there was competent and substantial evidence to support that verdict."

We cannot say, as a matter of law, that the jury's verdict was without substantial support in the evidence.

■ Nor do we believe that the warning issued by the trial Court to counsel for the plaintiff constituted reversible error. The trial of a case before a jury is not the place for facetious or aside remarks by counsel, in the presence and hearing of the jury, that are intended to have an effect upon the jury. The time for counsel to have inquired as to the test which he had in mind would have been in his cross examination of the chemist. Great as may have been the temptation of counsel to make such a remark as and when he did, nevertheless, we agree that it was improper and not in line with the due and orderly course of a

jury trial. Counsel not only was provocative of that which he received, but we seriously doubt if the result of the entire colloquy was to his client's substantial detriment.

The third specification of error by the appellant was the failure of the lower Court to grant a new trial because of certain statements by one of the counsel for appellees in his argument to the jury, but neither the stenographic report of the proceedings nor the record contains the argument, the objection by counsel for the plaintiff, or the ruling of the Court thereon. No special bill of exceptions was taken, preserved, or authenticated. Counsel for plaintiff in his motion for new trial undertakes to state his recollection of what transpired. His motion states that counsel for plaintiff objected to the argument and the Court sustained the objection. Counsel for the defendant states that "the Court sustained the objection and instructed the jury not to consider the argument." Since the argument and the ruling of the Court on the objections of the plaintiff are not in the record or otherwise authenticated by the lower Court, we do not deem the question to be before us. We can review cases only on the record and not on statements of counsel. In Lemley v. Christopherson, 5 Cir., 150 F.2d 291, this Court said:

"The motion for new trial, uncertified by the judge as true, and overruled by him without comment, cannot be looked to by us as a record of the proceedings in the trial. Nor does the affidavit of counsel help it. Rule 75 seems to permit appellant to write out initially his own record of proceedings, subject to objections by opposing counsel and settlement by the judge, but it is carrying the looseness of reform too far to sanction what is here attempted. The motion for a new trial is but an appeal to the presiding judge for an exercise of his discretion to grant one, and his refusal is not ordinarily reviewable on appeal. The recitals in the motion of what happened in the trial, not certified by the judge or conceded by opposing counsel, do not constitute a record of the proceedings upon which the appellate court may act."

See also Century Indemnity Company v. Arnold, 2 Cir., 153 F.2d 531. Moreover, if the Court sustained objection of counsel for plaintiff and instructed the jury not to consider it, as asserted by counsel for the appellee, we fail to see how it could have constituted reversible error.

The judgment of the Court below is affirmed.