## UNITED STATES v. HILL LINES, Inc.
### et al.
### No. 12645.

United States Court of Appeals
Fifth Circuit.

June 29, 1949.

H. W. Moursund, U. S. Atty., San Antonio, Tex., Holvey Williams, Asst. U. S. Atty., El Paso, Tex., for appellant.

Allen R. Grambling, El Paso, Tex., for appellee.

Before HUTCHESON, HOLMES and WALLER, Circuit Judges.

PER CURIAM.

Brought under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., the suit was for damages resulting from a collision between a privately owned truck and a truck tractor with trailer attached, the rear vehicle of an Army convoy.

The claim was that the proximate cause of the collision and consequent damages was the negligence of the driver of the rear vehicle, and of Lt. Cain, the officer in charge, of the convoy.

The defenses were denials and the contributory negligence of the truck driver.

The District Judge found that the collision was proximately caused by the negligence of the convoy commander and that the driver of the truck was not contributorily negligent. He gave judgment accordingly, and the United States has appealed.

Claiming that the evidence establishes contributory negligence of the truck driver as a matter of law, the United States sets out in its brief a summary of the evidence as it claims the record presents it.

The appellees, insisting that appellant's brief does not truly reflect the record on the issue of contributory negligence, set out in their brief full quotations from the evidence bearing upon the issue.

It thus appears that there is no dispute between the parties as to the principles of law governing here but only as to their application to the facts the record presents. It will, therefore, serve no useful purpose for us to either quote or abstract the testimony. It is sufficient for us to say of it that the record fully supports appellees' claim that the question of contributory negligence vel non was a question of fact and not one of law, and that it cannot be said as matter of law that the evidence demanded a finding of contributory negligence.

It is a settled rule of law in Texas and elsewhere that the question of contributory negligence is usually a question of fact to be determined by the triers of fact. It is rare that a finding on the issue is demanded as matter of law,[1] and this case is no exception.

As has been stated, appellant's claim, as made in its brief, is that the evidence established contributory negligence as a matter of law, and a verdict for it on that issue was demanded. It is not claimed by appellant that the findings should be set aside because, though supported by some evidence, they are, taken as a whole, clearly erroneous. If, however, this claim were made, it would not avail appellant for it is clear on the record not only that the findings, that there was no contributory negligence, are not clearly erroneous but that they are quite in accord with a reasonable view of the facts. In these circumstances the findings may not be set aside.[2] The judgment is affirmed.

[1] Lone Star Gas Co. v. Fouche, Tex. Civ.App., 190 S.W.2d 501; McCullough Box & Crate Co. v. Liles, Tex.Civ.App., 162 S.W.2d 1055; Cunningham v. Olson Drilling Co., 5 Cir., 171 F.2d 392; Tombigbee Mill & Lbr. Co. v. Hollingsworth, 5 Cir., 162 F.2d 763; Oil City Iron Works v. Stephens, Tex.Civ.App., 182 S.W.2d 370.

[2] Hickok Producing & Develop. Co. v. Texas Co., 5 Cir., 128 F.2d 183; Eppenauer v. Ohio Oil Co., 5 Cir., 128 F. 2d 363; Texarkana Bus Co. v. Baker, 5 Cir., 142 F.2d 491.