**Edgar RICE, et al., Appellants,**

v.

**Bob ARMSTRONG, et al., Appellees.**

No. 8841.

Court of Civil Appeals of Texas, Texarkana.

May 5, 1981.

Rehearing Denied June 2, 1981.

J. R. Cornelius, The Cornelius Law Firm, Jefferson, Ben Z. Grant, Kirkpatrick, Grant & Leggat, Marshall, for appellants.

J. Milton Richardson, Austen H. Furse, Asst. Attys. Gen., Austin, for Armstrong.

G. Brockett Irwin, Longview, for Brelands.

BLEIL, Justice.

This is a land title case bringing into issue the State's right to lease certain lands.

The crux of this appeal is whether the Big Cypress Bayou is the south boundary of the B. F. Lynn Survey in Marion County, Texas. We hold that it is by virtue of the doctrine of stare decisis. Therefore, the judgment of the trial court is reversed and judgment is rendered for appellants.

This controversy and several related to it have generated much litigation. Appellants, Edgar Rice, Sr., and others named in the petition, brought this suit in the District Court of Marion County, Texas, against appellee, Bob Armstrong, Commissioner of the General Land Office of Texas, and O. W. Breland, and wife, seeking to cancel a grazing lease executed by the Commissioner to the Brelands on the ground that appellants owned the land covered by the lease and that the lease constituted a cloud on appellants' title. The claim of ownership by the appellants to the land in question is based in part upon the resolution of boundary disputes by this court in *Thomas Jordan v. Skelly Oil Company*, 296 S.W.2d 279 (Tex. Civ.App.-Texarkana 1956, writ ref'd n. r. e.), and *Breland v. Rice*, 477 S.W.2d 906 (Tex.Civ.App.-Texarkana 1971, writ ref'd n. r. e.).

This particular controversy first came to the court as an appeal from a summary judgment granted in favor of appellants. *Armstrong v. Rice*, 556 S.W.2d 620 (Tex.Civ. App.-Texarkana 1977, writ dism'd). At that time we noted,

"In *Jordan* and *Breland* this Court decided that Big Cypress Bayou was the south boundary line of the Clark Simmons Survey and the B. F. Lynn Survey in Marion County. When properly raised these decisions are stare decisis involving the south boundary lines of these two surveys. . . .

"This matter is, however, not presently before this Court. Reversal of the present action is dictated by the absence of competent evidence in support of the motion for summary judgment."

The matter is now before the court on this appeal. Appellants claim ownership of land in Marion County through a patent granted to Benjamin F. Lynn, dated March 10, 1849. The South boundary line of the tracts of land according to the patent follow the meanders of Ferry Lake. Appellees contend that this body of water receded creating a vacancy on the South portion of the property. Appellant landowners take the position that the body of water that was known as Ferry Lake, which is now known as Big Cypress Bayou, has not changed locations, and even if the water had receded, the boundary lines of the property would still come to the edge of the body of water as called for in the original patent.

The family of some of the appellants purchased the property by warranty deed in

1905. They and their families continued to occupy and use the property until such time as the Brelands came on the property and began occupying the same. A suit was brought against the Brelands questioning their right to be on the land, and after the Brelands lost the suit, *Breland v. Rice*, No. 8197 (Tex.Civ.App.-Texarkana, October 30, 1973), they then obtained a grazing lease from the State of Texas.

This case was defended on the precise grounds that were unsuccessfully tried in the 1971 *Breland v. Rice* case, supra, that the original title to the land had never been divested out of the State of Texas. Thus, the State claimed a right to lease the land. This and other land had been treated as a vacancy between several headright surveys and the Big Cypress Bayou and then designated as the O. P. Deaner Survey by the State of Texas. In *Jordan* and *Breland* we invalidated the portion of the Deaner Survey separating the Big Cypress Bayou from the Simmons and Lynn Surveys in holding that their southern boundary extended to the Bayou.

The decisions in the earlier cases dictate the outcome of this case.

"As originally conceived and as generally applied, the doctrine of stare decisis governs only the determination of questions of law and its observance does not depend upon identity of parties. After a principle, rule or proposition of law has been squarely decided by the Supreme Court, or the highest court of the State having jurisdiction of the particular case, the decision is accepted as a binding precedent by the same court or other courts of lower rank when the very point is again presented in a subsequent suit between different parties...." *Swilley v. McCain*, 374 S.W.2d 871 (Tex.1964).

■ Although our Supreme Court has not ruled on this specific issue, in the fixing of boundary lines, headright surveys, and other fixed real property markers, it has generally been held that an adjudication of such matters will control their location in a subsequent suit between different parties. Under the doctrine of stare decisis, this is so even though the issues of fact or questions of law are different. *Patterson v. Peel*, 149 S.W.2d 284 (Tex.Civ.App.-Beaumont 1941, writ ref'd); *Cockrell v. Work*, 94 S.W.2d 784 (Tex.Civ.App.-Galveston 1936, writ dism'd); *McDonald v. Humble Oil & Refining Co.*, 78 S.W.2d 1068 (Tex.Civ.App.-Beaumont 1935, writ dism'd); *Porter v. State*, 15 S.W.2d 191 (Tex.Civ.App.-Austin 1929, no writ). *Porter v. State*, supra, held that a prior boundary line adjudication concerning different property and different parties, "... becomes binding and conclusive in subsequent litigation involving them, not as res adjudicata, but under the doctrine of stare decisis...." This view is also found in 34 Tex.Jur.2d Judgments § 452.

A case similar to the one now before us was that of *Eppenauer v. Ohio Oil Co.*, 98 F.2d 524 (5th Cir. 1938). In issue was whether a vacancy existed. The trial court found no vacancy existed and that prior cases controlled the location of the boundaries by stare decisis, in a subsequent suit with different parties. Although that court found this legal proposition to be the settled law in Texas, the issue seems to remain open. Hodges, *Stare Decisis in Boundary Disputes: Let There Be Light*, 21 Texas L.Rev. 241 (1943), and *Swilley v. McCain*, supra, demonstrate the unsettled nature of this question.

In *Atchley v. Superior Oil Company*, 482 S.W.2d 883 (Tex.Civ.App.-Beaumont 1972, writ ref'd n. r. e.), the application of stare decisis in boundary disputes was thoroughly reviewed by the court and ultimately the doctrine as pronounced in *Porter v. State*, supra, was followed. We believe this to be a fundamentally sound position.

■ In the case under consideration, the matter of the receding waters of the Big Cypress Bayou has been litigated and determined. *Chew v. DeWare*, 207 S.W. 988 (Tex.Civ.App.-Texarkana 1918, writ dism'd); *Thomas Jordan v. Skelly Oil Company*, supra. It has been declared that no vacancy exists between the Clark Simmons and B. F. Lynn Surveys and the Big Cypress Bayou, and that the Bayou is the southern boundary line of the surveys.

Even the B. F. Lynn Survey corners have been located on the Bayou. *Breland v. Rice,* supra, and *Thomas Jordan v. Skelly Oil Company,* supra. The trial court erred in failing to admit the documents which were offered to establish stare decisis and in submitting to the jury the question concerning the southern boundary of the B. F. Lynn Survey.

When we reversed the summary judgment which was previously granted in this case, we did so because of the absence of any competent evidence in support of the motion. The case has now been fully developed. We conclude from our examination of this record, from the previous decisions concerning the Lynn and Simmons Surveys, and from our review of the legal authorities that, based on stare decisis, the south boundary of the B. F. Lynn Survey is the Big Cypress Bayou. The appellants were entitled to the judgment sought in their petition.

The judgment of the trial court is reversed and judgment here rendered that the grazing leases given by the State be set aside because the State has no ownership interest in the lands.

CORNELIUS, C. J., not participating.