**KENNETH HENES SPECIAL PROJECTS PROCUREMENT, MARKETING AND CONSULTING CORPORATION, Plaintiff–Appellee,**

v.

**CONTINENTAL BIOMASS INDUSTRIES, INC. Defendant–Appellant.**

No. 00–1267.

United States Court of Appeals, Sixth Circuit.

June 26, 2003.

Before: KEITH, KENNEDY and BATCHELDER, Circuit Judges.

KENNEDY, Circuit Judge.

We were asked in this appeal to decide the legal standard for intentional failure to pay sales commissions in violation of the Michigan Sales Representative Commission Act, M.C.L. 600.2961 ("SRCA"). SRCA permits double damages where there is intentional failure to pay sales commissions. After hearing oral argument, we certified to the Michigan Supreme Court the question of what standard of intent is required under SRCA.

## II. Analysis

### A. Intentionality Requirement Under SRCA

The Michigan Supreme Court accepted certification and held that the SRCA requires only that the defendant purposefully fail to pay a commission when due. The SRCA does not require evidence of bad faith before double damages may be imposed. The Michigan Supreme Court held that there is no good faith defense, and the only cognizable defense is that the failure to pay the commission was based on inadvertence or oversight. *In re Certified Question (Henes Special Projects Procurement, Mktg., and Consulting Corp. v. Cont'l Biomass Indus., Inc.)*, 468 Mich. 109, 659 N.W.2d 597, 602–603 (2003). We note that defendant's witness testified explicitly that the failure to pay was deliberate and not the result of inadvertence or oversight. In light of this holding, defendant CBI no longer has a valid objection to the jury instructions regarding the intentionality requirement of SRCA.

Defendant also raised two other issues: That the SRCA does not apply to contracts for sales not made in the state of Michigan and that plaintiff is not entitled to attorney fees under the SRCA.

### B. Jurisdiction Over Out-of-State Transactions

The district court properly found that CBI waived this issue by failing to object prior to the submission of the case to the jury. *See Libbey–Owens–Ford Co. v. Ins. Co. of North Am.*, 9 F.3d 422, 426 (6th Cir.1993). "It is too late to complain of the submission of an issue to the jury after a litigant has taken a chance on what the jury will do and after the jury has resolved the issue against him." *Id.* (citing *Cunningham v. Olson Drilling*, 171 F.2d 392 (5th Cir.1948)). Although CBI may have mentioned the jurisdictional issue in its brief before the magistrate judge to whom certain pretrial motions were assigned, this does not constitute "a motion which clearly sets forth the theory on which the moving party bases his claim and which asks the court to resolve the issue." *Id.* Because CBI's actions did not "sufficiently tug on the hem of the court's robe," *id.*, the district court did not err in finding this objection waived.

### C. Attorney Fees

Henes sued CBI for failure to pay certain sales commissions relating to four separate transactions. Henes complaint sought recovery under two theories— breach of contract and violation of the Michigan Sales Representative Commission Act, M.C.L. 600.2961 ("SRCA"). The jury returned a verdict for Henes, finding (1) that he was entitled to commissions for all four transactions. and (2) that CBI intentionally failed to pay as to three of the four transactions. The district court granted Henes's motion for attorney fees as the "prevailing party" under the statute.

The SRCA provides that the court shall award attorney fees to any "prevailing party." Prevailing party is defined as "a party who wins on all the allegations of the complaint or on all the responses to the complaint." MCL 600.2961(1)(c). CBI argues that Henes is not a "prevailing party" because the jury did not find that CBI intentionally failed to pay on one of the four disputed transactions. We review the district court's factual determination that Henes was a prevailing party for clear error. *Horner v. Kentucky High Sch. Athletic Assoc.*, 206 F.3d 685, 697 (6th Cir.2000).

Initially, we note that Henes did prevail in getting actual damages on all four of the transactions. He merely failed to recover double damages on one of the four transactions. Moreover, CBI's interpretation of the statute was plainly rejected by a Michigan court of appeals in *H.J. Tucker & Associates, Inc. v. Allied Chucker & Engineering Co.*, 234 Mich.App. 550, 595 N.W.2d 176, 182 (1999), which held that such an interpretation "is too narrow and would defeat the purpose of [the statute] to allow inconsistent claims or alternative theories to be pleaded for a single cause of action."

We agree with the district court that Henes prevailed and is entitled to attorney fees.

The judgment of the district court is affirmed.