02-10-305-CV















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00305-CV 

 

 


 
 
 Will Ann Brewer
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Tom D. Skutca and Neaves A. Skutca
 
 
  
 
 
 APPELLEES
 
 


 

 

----------

FROM THE
96th District Court OF Tarrant
COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          The trial court granted summary
judgment in favor of Appellees Tom D. Skutca and Neaves A. Skutca on Appellant
Will Ann Brewer’s claims against them for trespass and to quiet title and for
declaratory relief regarding real property. 
Because we hold that the Skutcas did not
establish their right to judgment as a matter of law, we reverse.

          In 1965, Brewer and Betty Abbey purchased
a parcel of land, and in February 1981, this land was partitioned by judicial
order into two parcels (“the Brewer Property” and “the Abbey Property”).  Brewer alleged in her petition that in August
1981, she moved onto the Brewer Property and has maintained it as her primary
residence since that time.  She alleged
that she had a driveway put onto her property and that part of this driveway
cut across the corner of the Abbey Property. 
She also asserted that she cultivated the area between the driveway and
the then-existing fence line.  Brewer
alleged that the Skutcas purchased the Abbey Property
in October 2006 and on May 9, 2009 removed the fence and built a new fence that
dissected her driveway.

Brewer
then filed suit against the Skutcas, seeking a
declaration that by way of adverse possession, she owned both the portion of
her driveway that cut across the Abbey Property and “all of the grassy lawn
area between the driveway and the fence surrounding a horse training track
established on the Abbey Property” (“the disputed property”).  She also claimed that the Skutcas’
actions constituted trespass.

The Skutcas answered and filed a motion for summary
judgment.  In that motion, they argued
that Brewer’s claims were barred because she had previously litigated the issue
of the boundary line.  Attached to their
motion, they included a copy of the 1981 judgment in which the trial court
partitioned the parcel bought by Brewer and Abbey.  In response, Brewer argued that she was not
challenging the trial court’s prior partition but was instead claiming by way
of adverse possession part of the property apportioned to Abbey.  She also filed a supplemental response
arguing that under Texas common law, a person may adversely possess property
that the person formerly owned as a co-tenant even after a decree of
partition.  The trial court granted the Skutcas’ motion and dismissed Brewer’s claims.  Brewer now appeals.

We
review a summary judgment de novo.[2]  We consider the evidence presented in the
light most favorable to the nonmovant, crediting evidence favorable to the
nonmovant if reasonable jurors could, and disregarding evidence contrary to the
nonmovant unless reasonable jurors could not.[3]  We indulge every reasonable inference and
resolve any doubts in the nonmovant’s favor.[4]  A defendant who conclusively negates at least
one essential element of a cause of action is entitled to summary judgment on
that claim.[5]

Brewer’s
sole issue on appeal asks whether a former co-owner of real property may
legally claim ownership by adverse possession after a judicial decree of
partition in which the claimant was a party when the adverse possession period does
not begin until after the final order in the partition action is entered.  The Skutcas claimed
in their summary judgment motion that Brewer could not now relitigate
the issue of the property boundary line. 
In support of their argument, the Skutcas
cited to Rice v. Armstrong.[6]  Rice
is not applicable to this case.  The suit
in Rice arose over a boundary
dispute, and the court of appeals noted that the boundary issue had previously
been settled by that court in a prior case, and therefore, stare decisis applied such that the defendants in that case could
not relitigate the boundary issue.[7]

Unlike
in Rice, Brewer was not relitigating the issue of the property boundary.  She did not argue that the boundary line was
somewhere other than where it had been established by the prior judgment, that
the prior judgment was wrongfully decided, or that under the prior judgment,
she was awarded title to the disputed area. 
Her claim was that by adversely possessing part of the property across that boundary line as set by the
partition judgment, she had established ownership of it.

Furthermore,
we have found no case or statute permanently prohibiting Brewer from adversely
possessing property previously awarded by a judgment of partition to an
opposing party.  The prior judgment does,
of course, add an additional proof requirement for Brewer, in that her use of
the property would not serve to put the true owner on notice of her adverse
claim if she had already been using the disputed property in the same manner
before the partition.[8]  Instead, this continued use would be deemed
permissive rather than adverse, and to establish her claim, Brewer would have
to show that the owner had knowledge or notice that Brewer had repudiated the
permissive relationship.[9]

Brewer
alleged in her petition that she did not start using the property as her home until
after the partition.  If this assertion
is correct, her possession would not be presumed to be a permissive use of the
property.[10]

But even
if Brewer was in possession of the disputed area before the partition, the Skutcas put on no summary judgment evidence establishing
that Brewer had not repudiated the deemed permissive nature of her possession.[11]  Nor did they did file a no-evidence summary
judgment claiming that Brewer had no evidence on this element, which would have
required Brewer to present evidence of repudiation.[12]  Accordingly, the Skutcas
did not meet their burden to establish their right to summary judgment.  We therefore sustain Brewer’s sole issue.

Having
sustained Brewer’s sole issue, we reverse the trial court’s summary judgment
and remand this case for further proceedings.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL:  LIVINGSTON, C.J.;
DAUPHINOT and GARDNER, JJ.

 

DELIVERED:  February 10, 2011











          [1]See Tex. R. App. P. 47.4.





[2]Travelers Ins. Co. v. Joachim,
315 S.W.3d 860, 862 (Tex. 2010).





[3]Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848
(Tex. 2009).





[4]20801, Inc. v. Parker, 249
S.W.3d 392, 399 (Tex. 2008).





[5]Frost Nat’l Bank v. Fernandez, 315
S.W.3d 494, 508 (Tex. 2010); see Tex.
R. Civ. P. 166a(b), (c).





[6]616 S.W.2d 415 (Tex. Civ. App.—Texarkana 1981, writ ref’d n.r.e.).





[7]Id. at 417–18.





[8]Sims v. Cage, 523 S.W.2d 486, 488 (Tex.
Civ. App.—Houston [1st Dist.]
1975, writ ref’d n.r.e.); Park v. Sweeten, 270 S.W.2d 687, 689
(Tex. Civ. App.—San Antonio
1954), aff’d,
154 Tex. 266, 276 S.W.2d 794 (1955); see
also Green v. Vance, 158 Tex.
550, 314 S.W.2d 794, 795 (1958) (holding that courts should not draw a
distinction between a holding over after the execution of a deed and a holding
over after the rendition of a judgment, whether the judgment is adversary in
nature or by consent, and that “the continued possession of land after the
rendition of a judgment divesting the one in possession of title and vesting it
in another is not adverse until notice of a hostile claim is brought to the
prevailing party as required by law”).





[9]See Green,
314 S.W.2d at 795; Sims, 523 S.W.2d
at 488.





[10]See McLaren v. Beard, 811
S.W.2d 564, 568 (Tex. 1991).





[11]See Tex. R. Civ. P. 166a(c) (stating
that summary judgment shall be granted if the evidence shows that there is no
genuine issue of material fact and the moving party is entitled to judgment as
a matter of law).





[12]See Tex. R. Civ. P. 166a(i).