

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00305-CV

WILL ANN BREWER                                                    APPELLANT

V.

TOM D. SKUTCA AND NEAVES A.                                        APPELLEES
SKUTCA

----------

## FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

The trial court granted summary judgment in favor of Appellees Tom D. Skutca and Neaves A. Skutca on Appellant Will Ann Brewer's claims against them for trespass and to quiet title and for declaratory relief regarding real property. Because we hold that the Skutcas did not establish their right to judgment as a matter of law, we reverse.

---

[1]*See* Tex. R. App. P. 47.4.

In 1965, Brewer and Betty Abbey purchased a parcel of land, and in February 1981, this land was partitioned by judicial order into two parcels ("the Brewer Property" and "the Abbey Property"). Brewer alleged in her petition that in August 1981, she moved onto the Brewer Property and has maintained it as her primary residence since that time. She alleged that she had a driveway put onto her property and that part of this driveway cut across the corner of the Abbey Property. She also asserted that she cultivated the area between the driveway and the then-existing fence line. Brewer alleged that the Skutcas purchased the Abbey Property in October 2006 and on May 9, 2009 removed the fence and built a new fence that dissected her driveway.

Brewer then filed suit against the Skutcas, seeking a declaration that by way of adverse possession, she owned both the portion of her driveway that cut across the Abbey Property and "all of the grassy lawn area between the driveway and the fence surrounding a horse training track established on the Abbey Property" ("the disputed property"). She also claimed that the Skutcas' actions constituted trespass.

The Skutcas answered and filed a motion for summary judgment. In that motion, they argued that Brewer's claims were barred because she had previously litigated the issue of the boundary line. Attached to their motion, they included a copy of the 1981 judgment in which the trial court partitioned the parcel bought by Brewer and Abbey. In response, Brewer argued that she was not challenging the trial court's prior partition but was instead claiming by way of

2

adverse possession part of the property apportioned to Abbey. She also filed a supplemental response arguing that under Texas common law, a person may adversely possess property that the person formerly owned as a co-tenant even after a decree of partition. The trial court granted the Skutcas' motion and dismissed Brewer's claims. Brewer now appeals.

We review a summary judgment de novo.[2] We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not.[3] We indulge every reasonable inference and resolve any doubts in the nonmovant's favor.[4] A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim.[5]

Brewer's sole issue on appeal asks whether a former co-owner of real property may legally claim ownership by adverse possession after a judicial decree of partition in which the claimant was a party when the adverse possession period does not begin until after the final order in the partition action

_____

[2]*Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

[3]*Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

[4]*20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).

[5]*Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c).

is entered. The Skutcas claimed in their summary judgment motion that Brewer could not now relitigate the issue of the property boundary line. In support of their argument, the Skutcas cited to *Rice v. Armstrong*.[6] *Rice* is not applicable to this case. The suit in *Rice* arose over a boundary dispute, and the court of appeals noted that the boundary issue had previously been settled by that court in a prior case, and therefore, stare decisis applied such that the defendants in that case could not relitigate the boundary issue.[7]

Unlike in *Rice*, Brewer was not relitigating the issue of the property boundary. She did not argue that the boundary line was somewhere other than where it had been established by the prior judgment, that the prior judgment was wrongfully decided, or that under the prior judgment, she was awarded title to the disputed area. Her claim was that by adversely possessing part of the property *across* that boundary line as set by the partition judgment, she had established ownership of it.

Furthermore, we have found no case or statute permanently prohibiting Brewer from adversely possessing property previously awarded by a judgment of partition to an opposing party. The prior judgment does, of course, add an additional proof requirement for Brewer, in that her use of the property would not serve to put the true owner on notice of her adverse claim if she had already

---

[6]616 S.W.2d 415 (Tex. Civ. App.—Texarkana 1981, writ ref'd n.r.e.).

[7]*Id.* at 417–18.

4

been using the disputed property in the same manner before the partition.[8] Instead, this continued use would be deemed permissive rather than adverse, and to establish her claim, Brewer would have to show that the owner had knowledge or notice that Brewer had repudiated the permissive relationship.[9]

Brewer alleged in her petition that she did not start using the property as her home until after the partition. If this assertion is correct, her possession would not be presumed to be a permissive use of the property.[10]

But even if Brewer was in possession of the disputed area before the partition, the Skutcas put on no summary judgment evidence establishing that Brewer had not repudiated the deemed permissive nature of her possession.[11] Nor did they did file a no-evidence summary judgment claiming that Brewer had no evidence on this element, which would have required Brewer to present

---

[8]*Sims v. Cage*, 523 S.W.2d 486, 488 (Tex. Civ. App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.); *Park v. Sweeten*, 270 S.W.2d 687, 689 (Tex. Civ. App.—San Antonio 1954), *aff'd*, 154 Tex. 266, 276 S.W.2d 794 (1955); *see also Green v. Vance*, 158 Tex. 550, 314 S.W.2d 794, 795 (1958) (holding that courts should not draw a distinction between a holding over after the execution of a deed and a holding over after the rendition of a judgment, whether the judgment is adversary in nature or by consent, and that "the continued possession of land after the rendition of a judgment divesting the one in possession of title and vesting it in another is not adverse until notice of a hostile claim is brought to the prevailing party as required by law").

[9]*See Green*, 314 S.W.2d at 795; *Sims*, 523 S.W.2d at 488.

[10]*See McLaren v. Beard*, 811 S.W.2d 564, 568 (Tex. 1991).

[11]*See* Tex. R. Civ. P. 166a(c) (stating that summary judgment shall be granted if the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law).

evidence of repudiation.[12]  Accordingly, the Skutcas did not meet their burden to establish their right to summary judgment.  We therefore sustain Brewer's sole issue.

Having sustained Brewer's sole issue, we reverse the trial court's summary judgment and remand this case for further proceedings.


LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED:  February 10, 2011

---

[12]*See* Tex. R. Civ. P. 166a(i).

6